

500 WASHINGTON AVENUE SOUTH - SUITE 4000
MINNEAPOLIS, MINNESOTA 55415
612-339-2020 MAIN    612-336-9100 FAX

JOHN MASSOPUST
JMassopust@zelle.com
(612) 336-9109

October 4, 2012

**FILED VIA ECF**

The Honorable Susan Richard Nelson
United States District Court
774 Federal Building
316 N. Robert Street
St. Paul, MN 55101

   RE: Hughes v. CorePower Yoga, LLC
     *Court File Number:  0:12-cv-00905-SRN/TNL*

Dear Judge Nelson:

I submit this letter (after first obtaining the Court's permission) in response to the October 3, 2012 letter filed by Plaintiff's counsel, the second letter submitted by Plaintiff's counsel following the motion to dismiss hearing—each of which attached Minnesota District Court decisions dismissing claims under Minn. Stat. § 325G.53.

The October 3 letter quotes a portion of my argument at the motion to dismiss hearing to suggest I conceded Class Packs contain a cash value.  That is not accurate.  At the hearing, I was responding to a contention in Mr. Wanta's declaration that Class Packs are issued in a specified amount.  Certainly, they are—in the amount of 5, 10 and 20 classes.  The "corresponding cost" I was referring to was simply the price of Class Pack memberships listed on Exhibit A (a CorePower price schedule) to Mr. Wanta's declaration.  As set forth in the Affidavit of Trevor Tice, there is "no value or dollar amount that is assigned" to the card issued to the Class Pack member ("only the number of classes remaining and the duration of the membership are recorded"). Nothing I said at the hearing contradicts that point.

Indeed, the Minnesota district court decision submitted yesterday by Plaintiff's counsel, *Johnson v. BP America, Inc.*, 27-CV-12-11810 (Minn. Dist. Ct., Fourth Judicial District Sept. 27, 2012), directly supports the position asserted by CorePower.  In that case, the court dismissed a complaint that contended a 30-day expiration of a car wash access code violated Minn. Stat. § 325G.53.  The Honorable Susan Burke granted defendant's motion to dismiss holding a car wash access code receipt does not contain a cash value, only a particular type of car wash.  The Court stated, "[u]nder Plaintiff's

The Honorable Susan Richard Nelson
October 4, 2012
Page 2

interpretation of the statute, any receipt for a good or service that is not immediately delivered or performed would be a gift certificate and could not expire…. Plaintiff's interpretation of the Minnesota Statute section 325G.53, subdivision 1(a) is not permissible because the Court must presume that the legislature did not intend such absurd results." Like a car wash access code receipt, CorePower Class Packs do not represent a cash value. As such, the *BP America, Inc.* decision is further support why Plaintiff's complaint in this case cries out for dismissal.

Respectfully submitted,

John Massopust

cc:     Shawn J. Wanta, Esq.

381362v1