

Shawn J. Wanta
sjwanta@baillonthome.com
t (612) 252-3570
f (612) 252-3571

222 South Ninth Street, Suite 2955
Minneapolis, Minnesota 55402

Hon. Susan Richard Nelson
United States District Court
774 Federal Building                                         Filed via ECF
316 N. Robert Street
St. Paul, MN 55101

March 5, 2013

Re: *Hughes v. CorePower Yoga*, LLC, 12-cv-00905-SRN-TNL

Judge Nelson:

I write this letter in response to your request that I provide the Court with court decisions related to the statutes at issue in this lawsuit. On March 4, 2013, the Minnesota Court of Appeals filed an unpublished opinion in *Wells v. Holiday Companies, Inc.*, A12-1476. The appellate court reversed the district court and remanded for further proceedings after concluding that the promise of a car wash valued at $7.99 when the service is provided, fulfills "the requirement that the car-wash receipt promises to deliver services to the value shown in the record." The appellate court also ruled that the list of examples contained in the statute is non-exhaustive and that a receipt containing a six-digit code associated with the value of a transaction satisfies the statutory element.

A copy of the opinion is enclosed.

Kind regards,

s/ Shawn J. Wanta

Shawn J. Wanta

Cc: counsel of record via ECF

*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A12-1476**

Donald R. Wells,
class representative on behalf of
himself and others similarly situated,
Appellant,

vs.

Holiday Companies, Inc., et al.,
Respondents.

**Filed March 4, 2013
Reversed and remanded
Stoneburner, Judge**

Hennepin County District Court
File No. 27CV123266

Clayton D. Halunen, Susan M. Coler, Halunen & Associates, Minneapolis, Minnesota (for appellant)

Charles F. Webber, Aaron D. Van Oort, Faegre Baker Daniels LLP, Minneapolis, Minnesota (for respondents)

Considered and decided by Stoneburner, Presiding Judge; Hudson, Judge; and Kirk, Judge.

# U N P U B L I S H E D   O P I N I O N

**STONEBURNER**, Judge

Appellant challenges the rule 12 dismissal of his complaint, seeking to certify a class of purchasers of car-wash services from respondent corporations' fuel-and-

convenience stores to assert a violation of Minn. Stat. § 325G.53 (2012), which prohibits the sale of a gift certificate that is subject to an expiration date.  The district court held that a car-wash receipt issued by respondent to evidence purchase of car-wash services is not a "gift certificate" as defined by the statute and therefore appellant's complaint fails to state a claim on which relief can be granted.  Because under the facts asserted in the complaint the car-wash receipt meets the statutory definition of a gift certificate, we reverse and remand for further proceedings.

## FACTS

Appellant Donald R. Wells is an individual who purchased car-wash services from a convenience store operated or franchised by respondent Holiday Companies, Inc., et al. (Holiday).  The printed receipt evidencing Wells's purchase states the amount he paid for the car wash and provides a multi-digit code that can be used to obtain a car wash at a future date at any of Holiday's stores that offer car-wash services.  The receipt states that the car wash is "good for 30 days."  The complaint asserts that if the car-wash service is not accessed within 30 days of the purchase, the code becomes invalid and no refunds are available.

Wells brought this action, seeking to represent a similarly situated class, asserting that because Holiday's car-wash receipts meet the definition of "gift certificates" as defined in Minn. Stat. § 325G.53, Holiday is selling the car-wash receipts in violation of that statute, which prohibits the sale of a gift certificate that is subject to an expiration date or a service fee of any kind.

Holiday moved to dismiss pursuant to Minn. R. Civ. P. 12.02(e) for failure to state a claim on which relief can be granted, arguing that its car-wash receipts as a matter of law are not "gift certificates" as defined in Minn. Stat. § 325G.53. The district court agreed and dismissed the complaint. This appeal followed.

## D E C I S I O N

A complaint that fails to state a claim on which relief can be granted must be dismissed. Minn. R. Civ. P. 12.02(e). On a motion to dismiss a complaint pursuant to Minn. R. Civ. P. 12.02(e), the district court may consider only the complaint and the documents referred to in the complaint. *Martens v. Minn. Mining & Mfg. Co.*, 616 N.W.2d 732, 739, n.7 (Minn. 2000). The facts as alleged in the complaint are accepted as true, and all reasonable inferences are construed in favor of the nonmoving party. *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003).

We review de novo the district court's decision to dismiss for failure to state a claim. *Id.* "We must accept the allegations contained in the complaint as true; whether the plaintiff can prove the alleged facts is immaterial to our analysis." *Tollefson Dev., Inc. v. McCarthy*, 668 N.W.2d 701, 703 (Minn. App. 2003). Because dismissals under rule 12.02(e) are generally disfavored, we will not uphold such a dismissal "if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded." *Martens*, 616 N.W.2d at 739–40.

Whether, on its face, a car-wash receipt containing a dollar amount and an access code for a future car wash constitutes a "gift certificate" under Minn. Stat. § 325G.53 presents a question of statutory interpretation, which we review de novo. *See Auto*

3

*Owners Ins. Co. v. Perry*, 749 N.W.2d 324, 326 (Minn. 2008). When interpreting a statute, we must "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2012). In doing so, we first determine whether the statute's language is ambiguous. *Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn. 2001). A statute's language is ambiguous only when it is susceptible to more than one reasonable interpretation. *Amaral v. St. Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn. 1999). Unless otherwise defined, we construe words and phrases according to their common and approved usage. Minn. Stat. § 645.08(1) (2012). When the legislature's intent is clearly discernible from a statute's unambiguous language, we interpret the language according to its plain meaning and without resorting to other principles of statutory construction. *State v. Anderson*, 683 N.W.2d 818, 821 (Minn. 2004).

In 2007, the legislature enacted a consumer-protection law prohibiting "any person or entity [from] sell[ing] a gift certificate that is subject to an expiration date or a service fee of any kind." Minn. Stat. § 325G.53, subd. 2. The statute defines a "gift certificate" as:

> a tangible record evidencing a promise, made for consideration, by the seller or issuer of the record that goods or services will be provided to the owner of the record to the value shown in the record and includes, but is not limited to, a gift card, stored-value card, store card, or similar record or card that contains a microprocessor chip, magnetic stripe, or other means for the storage of information, and for which the value is decreased upon each use.

*Id.*, subd. 1(a). There is no caselaw interpreting this language.

4

Neither party asserts that the statutory definition of "gift certificate" is ambiguous. We agree that the definition is not ambiguous and therefore compare the allegations in the complaint with the plain language of the statute to determine whether, as the district court held, the car-wash receipt cannot as a matter of law constitute a gift certificate as defined by the statute.

**I.    Tangible record**

When Wells purchased Holiday's car-wash services, he received a slip of paper with the following printed on it:

```
Car Wash:        $7.99
    Car Wash Code:
********************
*       832370       *
********************
     Car Wash Good
      For 30 Days.
```

Holiday concedes, and we agree, that this writing satisfies the statutory requirement that a "gift certificate" be a tangible record.  *See id.*

**II.   Promise that goods or services will be provided**

Holiday concedes, and we agree, that the tangible record Wells purchased contains a promise that a service, in the form of a car wash, will be provided.

**III.  Consideration**

The complaint alleges that Wells paid $7.99 for a car wash.  It is undisputed that the tangible record shows that the promise was made for consideration.

5

**IV.     To the value shown in the record**

Wells argues that the receipt entitles him to a car wash valued at $7.99 *when the service is provided*.  Holiday counters that the dollar amount printed on the receipt merely reflects the consideration paid for a particular *type* of car wash, and the receipt reflects a promise to provide that particular type of car wash, regardless of that car wash's monetary value when the service is provided.  Holiday argues that the term "value" means cash value, and because the receipt does not maintain a specific cash value, the receipt does not entitle its owner to services "to the value shown in the record."  Holiday argues that because the receipt does not contain a promise to provide services to the value shown in the record, the receipt cannot constitute a gift certificate.  But Holiday's argument relies on evidence outside of the pleadings.  Therefore, this argument cannot be considered in the context of Wells's challenge to dismissal on the pleadings.

Holiday further argues that, because Wells failed to specifically plead that the receipt promises a car wash valued at $7.99 when the service is provided, rather than a particular type of car wash regardless of its present value, the complaint fails to state a claim on which relief can be granted.  But in the context of rule 12, we not only accept all facts alleged in the complaint as true, we also construe all reasonable inferences in favor of the nonmoving party.  *Baker v. Best Buy Stores, LP*, 812 N.W.2d 177, 180 (Minn. App. 2012), *review denied* (Minn. Apr. 25, 2012).  Assuming without deciding that "value" is limited to monetary value, we find it reasonable to infer from the complaint and the receipt that the promise is for a car wash valued at $7.99 when the service is

6

provided, fulfilling the requirement that the car-wash receipt promises to deliver services to the value shown in the record.

## V. Non-exhaustive list of examples

The statute provides a non-exhaustive list of items included in the definition of "gift certificate." Minn. Stat. § 325G.53, subd. 1(a). These items are: "a gift card, stored-value card, store card, *or a similar record* or card that contains a microprocessor chip, magnetic stripe, *or other means for the storage of information*." *Id.* (emphasis added). Here, the car-wash receipt contains a six-digit code associated with the value of the transaction. The code is a means of storing information. We conclude that, on its face, the car-wash receipt is consistent with the statute's non-exhaustive list of examples of a gift certificate.

## VI. Value is decreased upon each use

Wells argues that the phrase "and for which the value is decreased upon each use" applies only to the specific examples listed in the non-exhaustive list of examples. *See id.* Holiday asserts that to constitute a gift certificate, the value of *any* tangible record must decrease upon each use. *See id.* Because we conclude that Wells's receipt is encompassed in the statutory examples, we further conclude that, to be a gift certificate, the car-wash receipt's value must decrease upon each use. Based on the facts alleged in the complaint and information on the receipt, it is reasonable to infer that once a customer has used the six-digit code to obtain a car wash, the value of the receipt is reduced to zero. And there is no requirement in the statute that a gift certificate must be able to be

7

used more than once.  *See id.*  The statutory requirement that value be decreased upon each use is met.

On the limited record that can be considered in the context of rule 12, we conclude that Wells's complaint is sufficient to support a claim that Holiday's car-wash receipts are gift certificates subject to the statutory prohibition on expiration dates and that the district court erred by dismissing the complaint for failure to state a claim on which relief can be granted.

**Reversed and remanded.**