# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Christopher Hughes, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CorePower Yoga, LLC,<br><br>    Defendant. | Case No. 12-cv-00905 (SRN/TNL)<br><br>**MEMORANDUM OPINION AND ORDER** |

Christopher D. Jozwiak and Shawn J. Wanta, Baillon Thome Jozwiak & Wanta LLP, 222 South Ninth Street, Suite 2955, Minneapolis, MN 55402; J. Gordon Rudd, Jr. and Patricia A. Bloodgood, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Plaintiff.

John B. Massopust and Rory D. Zamansky, Zelle Hofmann Voelbel & Mason LLP, 500 Washington Avenue South, Suite 4000, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter came before the Court on Defendant CorePower Yoga, LLC's Amended Motion to Dismiss Plaintiff Christopher Hughes' Class Action Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Doc. No. 22.] For the reasons that follow, the Court grants Defendant's Motion.

## II.     BACKGROUND

Defendant owns and operates over 60 yoga studios in six states, including 10 yoga studios in Minnesota. (Compl. ¶ 12 [Doc. No. 1].) Defendant sells prepaid yoga class

1

sessions to consumers. (Id. ¶ 1.) The classes are sold in packages of 5, 10, and 20 prepaid yoga sessions called "Class Packs." (Id.) Class Packs are redeemable using an electronically scanned plastic card with a bar code. (Id.) Class Pack yoga sessions expire within six months of purchase. (Id.) Once the consumer has his card scanned, the Defendant's computer system can retrieve the records in its database. (Id. ¶¶ 1, 3.) A consumer cannot redeem an expired Class Pack card to participate in a yoga class. (Id. ¶ 4.)

Plaintiff Christopher Hughes is a Minnesota resident who purchased two Class Packs from Defendant's online store. (Id. ¶ 11.) Plaintiff purchased a Class Pack redeemable for 20 yoga sessions at a cost of $249 on or about June 11, 2009, and a Class Pack redeemable for 5 yoga sessions at a cost of $75 on or about December 2, 2010. (Id.) Plaintiff claims that both Class Packs expired after six months, neither Class Pack disclosed an expiration date on its face, and Defendant did not allow Plaintiff to redeem the Class Packs after they expired. (Id. ¶¶ 24–26.) Plaintiff filed a Class Action Complaint on April 11, 2012, alleging that Defendant's sale of Class Packs with expiration dates resulted in a windfall of profits to Defendant in violation of Minnesota and federal law. (Id. ¶¶ 35–49.)

### III.   DISCUSSION

#### A.   Standard of Review

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet this standard, and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly,

2

550 U.S. 544, 570 (2007)). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a "sheer possibility." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citation omitted). It is not, however, a "probability requirement." Id. (citation omitted). Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556 (citation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Several principles guide courts in determining whether a complaint meets this standard. First, the court must take the plaintiff's factual allegations as true and grant all reasonable inferences in favor of the plaintiff. Crooks v. Lynch, 557 F.3d 846, 848 (8th Cir. 2009). This tenet does not apply, however, to legal conclusions or "formulaic recitation of the elements of a cause of action;" such allegations may properly be set aside. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). In addition, some factual allegations may be so indeterminate that they require "further factual enhancement" in order to state a claim. Id. (quoting Twombly, 550 U.S. at 557.) Finally, the complaint "should be read

as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." Braden, 588 F.3d at 594.

Evaluation of a complaint upon a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).[1]

### B. Minnesota Gift Certificate Statute

Count I of Plaintiff's Class Action Complaint alleges that Defendant's Class Pack cards are "gift certificates" with expiration dates in violation of Minn. Stat. § 325G.53. In 2007, Minnesota enacted legislation making it "unlawful for any person or entity to sell a gift certificate that is subject to an expiration date or a service fee of any kind." Minn. Stat. § 325G.53, subd. 2. The statute defines "gift certificate" as:

> [A] tangible record evidencing a promise, made for consideration, by the seller or issuer of the record that goods or services will be provided to the owner of the record to the value shown in the record and includes, but is not limited to, a gift card, stored-value card, store card, or a similar record or card that contains a microprocessor chip, magnetic stripe, or other means for the storage of information, and for which the value is decreased upon each use.

---

[1] Plaintiff argues that if the Court considers Trevor Tice's Affidavit [Doc. No. 25] submitted by the Defendant, the Court must convert Defendant's Motion to Dismiss into one for Summary Judgment. (Pl.'s Opp'n Mem. at 4–5 [Doc. No. 27].) Because the Court is not considering Mr. Tice's Affidavit and is limiting its review to the allegations contained in Plaintiff's Complaint, this Motion is properly reviewed under Federal Rule of Civil Procedure 12(b)(6).

Minn. Stat. § 325G.53, subd. 1(a).

In interpreting Minnesota law, federal courts are bound by the decisions of the Minnesota Supreme Court, but when the Minnesota Supreme Court has not decided an issue, federal courts must predict how the Minnesota Supreme Court would resolve the issue. Minn. Supply Co. v. Raymond Corp., 472 F.3d 524, 534 (8th Cir. 2006). Federal courts may consider decisions of state intermediate appellate courts as persuasive authority if those decisions "are the best evidence of what state law is." Id. Here, the Minnesota Supreme Court has not addressed the scope of the definition of "gift certificate" under Minn. Stat. § 325G.53, subd. 1(a).

Under Minnesota law, "[t]he object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16. The statutory question here is whether the Minnesota legislature intended for Defendant's Class Pack cards to qualify as gift certificates under Minn. Stat. § 325G.53, subd. 1(a). "We determine legislative intent 'primarily from the language of the statute itself.'" Brayton v. Pawlenty, 781 N.W.2d 357, 363 (Minn. 2010) (quoting Gleason v. Geary, 8 N.W.2d 808, 816 (1943)). If the language is clear and unambiguous, "statutory construction is neither necessary nor permitted and [we] apply the statute's plain meaning." Id. (quoting Am. Tower, L.P. v. City of Grant, 636 N.W.2d 309, 312 (Minn. 2001)). When interpreting the plain meaning of a statute, "statutory definitions of words used elsewhere in the same statute furnish such authoritative evidence of legislative intent and meaning that they are usually given controlling effect." Guinness Import Co. v. Mark VII Distribs., Inc., 971 F. Supp. 401, 411 (D. Minn. 1997) (quoting Sierra Club v. Clark, 755 F.2d 608, 613 (8th Cir. 1985));

see also Minn. Stat. § 645.08(1) (providing that courts should construe words and phrases "according to rules of grammar and according to their common and approved usage," unless it would be inconsistent with the intent of the legislature.) If the statute is ambiguous—that is, if it is susceptible to more than one reasonable interpretation—the Court applies canons of construction to discern the legislature's intent. Amaral v. St. Cloud Hosp., 598 N.W.2d 379, 384 (Minn. 1999).

The Minnesota Court of Appeals recently addressed the definition of "gift certificate" under Minn. Stat. § 325G.53, subd. 1(a) in Wells v. Holiday Cos., Inc., No. A12-1476, 2013 WL 777384, at *1 (Minn. Ct. App. Mar. 4, 2013). The plaintiff in that case purchased a car-wash service from the defendant. Id. When the plaintiff purchased the car wash, he received a printed receipt stating he had paid $7.99 for the car wash and a multi-digit code that could be used to obtain the car wash within 30 days. Id. at *1–2. If the car wash service was not used within 30 days of the purchase, the code became invalid and no refunds were available. Id. at *1. The plaintiff in Wells filed a class action complaint asserting that defendant's car-wash receipts constitute "gift certificates" under Minn. Stat. § 325G.53 and that the receipts violate the statute because they expire thirty days after they are purchased. Id. The defendants moved to dismiss the complaint. Id.

Recognizing that "[t]here is no caselaw interpreting [Minn. Stat. § 325G.53, subd. 1(a)]," the Minnesota Court of Appeals determined that the definition of "gift certificate" "is not ambiguous" and applied the statute's plain language. Id. at *2. The court focused on whether the car-wash receipt evidenced goods or services to be provided to the owner to the value shown in the record. Id. at *3. The plaintiff argued that the receipt entitled him to a

6

car wash valued at $7.99 when the service is provided. Id. For example, according to the plaintiff, if the car wash increased in price to $8.99, he could redeem his receipt for $7.99 and pay an additional dollar to obtain a car wash from the defendant. See id. The defendant countered that the receipt "reflects a promise to provide that particular type of car wash, regardless of that car wash's monetary value when the service is provided." Id. (emphasis in original.) According to defendant, if the price of a car wash increased to $8.99, plaintiff's car wash receipt would entitle him to a car wash from defendant without the need to pay any additional money. See id.[2] The defendant claimed that the "term 'value' [under Minn. Stat. § 325G.53] means cash value, and because the receipt does not maintain a specific cash value, the receipt does not entitle its owner to services 'to the value shown in the record.'" Id.

The court construed the term "value" in Minn. Stat. § 325G.53 to mean cash value, and then determined, that based on the pleadings, it could not conclude whether the car-wash receipt entitled the plaintiff to a car-wash or to the $7.99 value claimed by the plaintiff. Id. The court stated, "[a]ssuming without deciding that 'value' is limited to monetary value, we find it reasonable to infer from the complaint and the receipt that the promise is for a car wash valued at $7.99 when the service is provided, fulfilling the requirement that the car-wash receipt promises to deliver services to the value shown in the

---

[2] Likewise, according to the defendant, if the price of the car wash went down to $5.99, the plaintiff would not be able to obtain a car wash and use the remaining $2.00 for gasoline or merchandise such as chewing gum or soda. See Wells, 2013 WL 777384, at *3.

7

record." Id. The court therefore denied the defendant's motion to dismiss. Id. at *4.

This Court agrees with the assumption in Wells that the plain language of the term "value" in Minn. Stat. § 325G.53 means cash value. Consistent with its common usage, the term "value" in the gift certificate statute means that the customer can purchase goods or services up to the stated cash amount shown in the tangible record rather than a particular good or service. In other words, the holder of a gift certificate is entitled to goods or services of a certain cash value rather than any particular good or service. Indeed, the only function of the phrase "to the value shown in the record" in Minn. Stat. § 325G.53 is to capture the fundamental characteristic of a gift certificate as storing a certain amount of cash value for use in making future purchases.

A determination that the term "value" in Minn. Stat. § 325G.53 means anything other than "cash value" would create an absurd result where any prepaid good or service that could not be immediately handed to, given to, or performed contemporaneously at the time consideration is provided would violate the statute.[3] Under Plaintiff's interpretation of

---

[3] The Court further finds that such a result was not intended by the Minnesota Legislature. Minn. Stat. § 645.16(3) provides that a court may consider "mischief to be remedied" by the statute when gleaning legislative intent. Here, Minn. Stat. § 325G.53 was designed to protect consumers who received a gift certificate from a relative or friend without knowing whether the card was subject to an expiration date. Indeed, a press release from the gift certificate bill's chief author states:

> People spend money on these gift cards expecting their family and friends will be able to redeem the full value of the card . . . . By putting an end to gift card expiration dates and onerous fees, we made sure Minnesota consumers are getting what they paid for.

Press Release, State Representative Joe Atkins, Gift Card Law Arrives in Time for the Holidays (Nov. 20, 2007), http://www.house.leg.state.mn.us/members/pressrelease

the statute, putting time limits on admission passes, codes, vouchers, or tickets, including, time restrictions on monthly passes to a parking garage, admission passes to theme parks, physical training packages, music lessons, and bus passes good for a certain number of rides would violate the statute. It would be absurd to determine that these prepaid, time-limited goods and services are unlawful because they contain expiration dates or temporal restrictions. See Minn. Stat. § 645.17 (noting that a court should presume that "the legislature does not intend a result that is absurd, impossible of execution, or unreasonable"). Therefore, the Court finds that the term value in Minn. Stat. § 325G.53 is limited to monetary value.[4]

Unlike in Wells, where the record was unclear whether the car wash-receipt was for $7.99 at the defendant's stores or for a specific car-wash, there is no dispute here that the Class Pack card may only be redeemed for yoga services and not for some monetary value. (See Compl. ¶ 37 [Doc. No. 1] (noting that a Class Pack card "evidence[s] a promise to provide a yoga lesson"); Pl.'s Opp'n Mem. at 7 [Doc. No. 27] (stating that Defendant "promises to provide yoga services to individuals who purchase a Class Pack").) The statute requires the holder of the gift certificate to be able to purchase "goods or services" up

---

.asp?pressid=3088&party=1&memid=10753 (last visited Mar. 19, 2013).

[4] Courts look to similar laws of other jurisdictions in ascertaining the intention of the Minnesota Legislature. See In re State, 632 N.W.2d 225, 230 (Minn. 2001) (noting that the court will "look to other states with similar laws to those of Minnesota to provide guidance"). The Court finds that its conclusion that "value" in Minn. Stat. § 325G.53 means "cash value" is consistent with federal law, where the interpretive guidance from the Federal Reserve Board excludes from the definition of gift certificates items that are not provided in a "specified amount." See, infra, at 11–13.

9

to a certain "value shown in the record." Minn. Stat. § 325G.53, subd. 1(a). Defendant's Class Pack card does not provide the characteristic of stored value, but instead reflects a purchase already made. In other words, in this case, it is undisputed that the Class Pack card—unlike a gift certificate—is unaffected by changes in price. If the price of the yoga class goes up, Plaintiff will be able to redeem a class from his Class Pack without paying any additional fees. If the price goes down, Plaintiff still is entitled to participate in the class, but he would not be entitled to a refund representing the difference in price from when he purchased the Class Pack. Plaintiff's Complaint does not allege otherwise. (Cf. Compl. ¶¶ 1–51 [Doc. No. 1].) Thus, the Court finds that Defendant's Class Pack cards do not allow a customer to participate in yoga classes up to a certain value; they allow the customer to participate in the yoga course regardless of the value of the class at the time the customer redeems his Class Pack.

Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted under Minn. Stat. § 325G.53 and therefore grants Defendant's Motion to Dismiss Count I of Plaintiff's Complaint.[5]

### C. Electronic Fund Transfer Act

Count II of Plaintiff's Class Action Complaint alleges that Defendant's Class Pack

---

[5] Defendant also argues that its Class Pack cards are exempted from the Minnesota Gift Certificate statute under Minn. Stat. § 325G.53, subd. 3(2) because they are sold "below [the] face value" of the drop-in class rate. Since the Court concludes that Defendant's Class Packs are not gift certificates under Minn. Stat. § 325G.53, subd. 1(a), it need not address this argument.

are "store gift cards" in violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693, et seq., as amended by the Credit Card Accountability Responsibility and Disclosure Act (CARD Act), 15 U.S.C. § 1693*l*–1. The CARD Act prohibits the sale of gift certificates with an expiration date shorter than five years. 15 U.S.C. § 1693*l*–1(c).

Section 1693*l*–1 of the EFTA was enacted on May 22, 2009, and became effective 15 months thereafter on August 22, 2010. 15 U.S.C. § 1693*l*–1; Pub. L. No. 111–24, 123 Stat. 1734 (May 22, 2009); 12 C.F.R. § 205.20(g); see also Carlini v. United Airlines, No. 10-C-6343, 2011 WL 1543212, at *3 (N.D. Ill. April 19, 2011). The EFTA does not apply retroactively. 12 C.F.R. § 205.20(g)(1) ("Except as provided in paragraph (h), the requirements of this section apply to any gift certificate, store gift card, or general-use prepaid card sold to a consumer on or after August 22, 2010, or provided to a consumer as a replacement for such certificate or card."); see also Carlini, 2011 WL 1543212, at *3 ("[N]othing indicates that Congress intended to apply § 1693*l*–1(c)(1) retroactively.").[6]

The EFTA defines a store gift card as:

> an electronic promise, plastic card, or other payment code or device that is—(i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo; (ii) issued in a specified amount, whether or not that amount may be increased in value or reloaded at the request of the holder; (iii) purchased on a prepaid basis in exchange for payment; and (iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

15 U.S.C. § 1693*l*–1(a)(2)(C). The statutory definition of store gift card contains

---

[6] Plaintiff concedes that the Class Pack he purchased in June 2009 does not violate the EFTA because it was purchased prior to the EFTA's effective date of August 22, 2010. (Pl.'s Opp'n Mem. at 12 n.4 [Doc. No. 27].)

exclusions, including "an electronic promise, plastic card, or payment code or device that is . . . reloadable and not marketed or labeled as a gift card or gift certificate." Id. § 1693*l*–1(a)(2)(D)(ii). The regulations enacted by the Federal Reserve Board regarding Electronic Funds Transfers ("Regulation E") provides that the term reloadable "includes a temporary non-reloadable card issued solely in connection with a reloadable card, code, or other device." 12 C.F.R. § 205.20(b)(2).

The Federal Reserve Board designated the director and other officials at the Division of Consumer and Community Affairs to issue staff interpretations of Regulation E. 12 C.F.R. Pt. 205, App. C; see also Clark v. U.S. Dep't of Agric., 537 F.3d 934, 940 (8th Cir. 2008) (finding that agency interpretive statements are entitled a "measure of respect" as they reflect a body of experience and informed judgment to which the courts and litigants may properly resort for guidance). The Official Staff Interpretations of Regulation E state:

> Certain cards, codes, or other devices may be redeemable upon presentation for a specific good or service, or "experience," such as a spa treatment, hotel stay, or airline flight . . . . Such cards, codes, or other devices generally are not subject to the requirements of this section because they are not issued to a consumer "in a specified amount" as required under the definitions of "gift certificate," "store gift card," or "general-use prepaid card." However, if the card, code, or other device is issued in a specified or denominated amount that can be applied toward the purchase of a specific good or service, such as a certificate or card redeemable for a spa treatment up to $50, the card, code, or other device is subject to this section

12 C.F.R. Pt. 205, Supp. I, Section 205.20 Requirements for Gift Cards and Gift Certificates, 20(a) Definitions, ¶ 3 at 183–84.

The Court finds that Defendant's Class Packs are not store gift cards under the EFTA because they are not issued in a "specified amount." The Official Staff Interpretations of

Regulation E specifically provides that cards redeemable for a specific good, service, or experience such as a spa treatment, hotel stay, or airline flight are not store gift cards under the EFTA. Id. Just as the goods, services, and experiences listed in the Official Staff Interpretations of Regulation E do not constitute store gift cards, Defendant's Class Pack cards are not store gift cards because they are redeemable for yoga classes and not for a "specific amount," such as a $50 spa card. Accordingly, the Court finds that Defendant's Class Pack cards are not a store gift card under the EFTA.

Even if the Court were to determine that Defendant's Class Pack cards constitute store gift cards under the statute, the statutory definition of store gift card under the EFTA contains an exclusion that would exempt Defendant's Class Pack cards. The EFTA specifically exempts application of the statute to store gift cards that are (1) reloadable and (2) not marketed or labeled as a gift card or gift certificate. 15 U.S.C. § 1693*l*–1(a)(2)(D)(ii). Plaintiff's Complaint recognizes that his Class Pack card is reloadable. Indeed, Plaintiff alleges that "[i]n April 2007, Plaintiff . . . responded to [Defendant]'s promotion of one week of free yoga classes for first time customers . . . . At that time he received a small plastic card with a bar code printed on one side." (Compl. ¶ 24 [Doc. No. 1].) Plaintiff then claims that "[o]n or about June 11, 2009, Plaintiff purchased a 20-session Class Pack on [Defendant]'s online store for $249. In order to redeem the yoga classes he purchased, his card was scanned each time he checked in." (Id. ¶ 25.) Defendant clarified at the hearing on its Motion to Dismiss—and Plaintiff does not dispute—that the plastic card Plaintiff used as a free student was the same card he later used to redeem his Class Packs. (Tr. at 12:23–13:25, 21:25–22:10 [Doc. No. 34].) Thus, Defendant's Class Pack

13

cards are reloadable.[7] Additionally, Plaintiff's Complaint does not allege that Defendant marketed or labeled the Class Pack cards as gift cards or gift certificates. (Cf. Compl. ¶¶ 1–51 [Doc. No. 1].) As such, Defendant's Class Pack cards are exempted from the EFTA's definition of a store gift card.[8]

Accordingly, the Court finds that Defendant's Class Pack cards are not store gift cards under the EFTA and therefore grants Defendant's Motion to Dismiss Count II of Plaintiff's Complaint.

### IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:** Defendant's Amended Motion to Dismiss Plaintiff's Complaint [Doc. No. 22] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

[7] At the hearing on Defendant's Motion to Dismiss, Plaintiff argued that the Class Pack cards are not reloadable because Class Packs are merely "an electronic promise that was made over the Internet to [Plaintiff]." (Tr. at 44:1–3 [Doc. No. 34].) Plaintiff argues that the Class Pack card is just a tracking device for Defendant to monitor its customers. (Id. at 43:20–25.) The Court finds that this argument is without merit. Plaintiff consistently refers to Class Packs in his Complaint as tangible records or "Class Pack cards." (See, e.g., Compl. ¶¶ 1, 3, 7–8, 16, 20–26, 30–31, 33, 37, 43–48, 50.) Moreover, Plaintiff explicitly alleges in his Complaint that "Class Pack card[s] . . . [are] tangible record[s] evidencing a promise . . . that services will be provided to the Class Pack card's owner." (Compl. ¶ 7 [Doc. No. 1].) As such, the Court finds that Defendant's Class Packs cards are not just an "electronic promise," but are tangible records capable of being reloaded.

[8] Defendant argues that the Court should dismiss Plaintiff's claim under the EFTA because it is barred by the statute of limitations. (Def.'s Mem. in Supp. of Am. Mot. to Dismiss at 7–10 [Doc. No. 24].) Because the Court finds that Defendant's Class Pack cards are not store gift cards under the EFTA, the Court need not address this argument.

Dated: March 28, 2013		s/Susan Richard Nelson
				SUSAN RICHARD NELSON
				United States District Judge